Eastern Dis...
F...
JUN 14 2007
AT...
LESL...
CLERK U S...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-115-KSF

MARK ALLEN KREMER,     PETITIONER

V.     **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

TOM SIMPSON, Warden,     RESPONDENT

\* \* \* \* \*

## I. INTRODUCTION

On April 14, 2006, petitioner Mark Allen Kremer, *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Fayette Circuit Court on or about June 17, 2005. On October 23, 2006, the Respondent filed his answer to the petition and also moved to dismiss, and in the alternative, for summary judgment.[1] Petitioner having filed a response to Respondent's motion to dismiss or for summary judgment, this matter is ripe for review.

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

## II. DISCUSSION

### A. Standard of Review

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the Petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

---

[1] Along with his Answer and response to habeas petition and motion to dismiss or for summary judgment, the Respondent also filed an Appendix (hereafter "A") consisting of (1) relevant portions of the state court record, (2) the briefs filed in the Kentucky Supreme Court in reference to the direct appeal; and (3) the Kentucky Supreme Court's opinion affirming the denial of the trial court's motion to dismiss.

B.  **Prerequisites for Federal Habeas Corpus Review**

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

At the time petitioner filed this action, he was an inmate at the Kentucky State Penitentiary in Eddyville, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

C.  **Factual and Procedural History**

On March 10, 2003, a grand jury of the Fayette Circuit Court returned a ten-count indictment against petitioner, charging him with six counts of Robbery First Degree, Theft By Unlawful Taking Over $300, Theft By Unlawful Taking Under $300, Possession of Drug Paraphernalia, and Persistent Felony Offender, First Degree. See A, pp. 38-40.

The remainder of this factual and procedural history was succinctly summarized by the Kentucky Supreme Court, as follows:

> Appellant entered conditional pleas of guilty to four (4) counts of robbery in the second degree, two (2) counts of robbery in the first degree, and being a first-degree persistent felony offender. For these crimes, Appellant was sentenced to a total of thirty-five (35) years imprisonment. Pursuant to his conditional pleas, Appellant appealed to this Court on the issues preserved within his pleas...
> The facts, as they pertain to this appeal, are as follows: a warrant for Appellant's arrest for the above crimes was issued on January 7, 2003, and Appellant was arrested the next day. At the time of his arrest, Appellant was on parole. Sometime between January 8, 2003, and March 24, 2003, Appellant's parole was revoked and Appellant was incarcerated pursuant to the terms of a previous, unrelated judgment. On March 24, 2003, Appellant filed a *pro se* motion from prison which stated, among other things, the following:
>
>> 7. The defendant gives notice at this time to the court, and the [C]ommonwealth's attorney, that he is invoking his [sic] all of the rights pursuant to Kentucky Revised Statute five-hundred one-ten [500.110], as well as any other Kentucky Statutes that may apply to

2

>   him in order to guarantee him and insure him unhindered justice in this case.
>
>   On April 4, 2003, Appellant appeared before the trial court with an attorney. His attorney noted that Appellant had filed a *pro se* motion. The trial court informed Appellant that since he was currently being represented by counsel, he needed to file all pleadings and motions through his attorney. On April 25, 2003, Appellant appeared before the trial court again and informed the trial court, via counsel, that he had decided against proceeding *pro se* and wished to retain his appointed counsel. At this point, Appellant engaged his appointed counsel in discussion regarding the *pro se* motion filed by Appellant on March 24, 2003. Appellant's attorney told Appellant that it would be best for the two of them to discuss the *pro se* motion later and that if Appellant still wished to proceed with that motion, counsel would file it on his behalf. Appellant, through his attorney, then requested that a trial date be set. The trial court asked the parties whether September 23-24, 2003, would suffice. Appellant's counsel responded that those dates were acceptable.
>   On September 22, 2003, Appellant delivered to the trial court and counsel a *pro se* motion to dismiss, citing KRS § 500.110 as grounds for the dismissal. In certain cases, KRS § 500.110 mandates that incarcerated persons must be tried within 180 days of noticing their incarceration to the appropriate authorities. In this case, Appellant claimed that the 180 days expired on September 20, 2003, and that since he was not tried by this date, the charges against him must be dismissed. A hearing was held that same day addressing the *pro se* motion. Both the trial court and the prosecutor questioned whether a detainer had ever been filed in the case. Upon agreement by the parties, the trial court continued the trial (which was scheduled to start the next day) so that both sides could adequately address the arguments in Appellant's pro se motion to dismiss.
>   After considering briefs and arguments from both parties, the trial court denied Appellant's pro se motion to dismiss on November 7, 2003, determining that Appellant failed to meet the statutory requirements entitling him to relief pursuant to KRS § 500.110. The trial court also determined that even if Appellant had satisfied the statutory requirements of KRS § 500.110, he waived any right to claim the benefit of that statute since he accepted, without objection, the trial court's offer to begin trial on September 23, 2003.
>   On December 12, 2003, Appellant filed an original action for Writ of Prohibition in the Kentucky Court of Appeals. Appellant's writ was denied by a vote of two to one (2-1). <u>Mark Allen Kremer v. Thomas L. Clark, Judge</u>, No. 2003-CA-2708-OA (entered April 1, 2004). The Court of Appeals did not reach the merits of the writ, determining that an adequate remedy by appeal was available to Appellant... Thereafter, Appellant entered conditional guilty pleas to the charges set forth above...

A, pp. 1-3 (internal citations and footnotes omitted).

In an unpublished opinion rendered on February 23, 2006, the Kentucky Supreme Court affirmed the judgment of the Fayette Circuit Court. A, pp. 1-7.

On April 18, 2006, petitioner filed the present petition for habeas corpus relief.

3

D.   **Petitioner's claims**

As grounds for relief, petitioner raises two Fourteenth Amendment claims: (1) "Petitioner was denied his Fourteenth Amendment right to due process and equal protection of the laws when tried by a court wanting in jurisdiction," and (2) "Petitioner was denied his Fourteenth Amendment right to due process and equal protection of the laws when the appellate court ruled without jurisdiction." Petition, p. 5 [DE #1].

In response to the habeas petition, the respondent submits that petitioner's claims raised therein are without merit; therefore, respondent argues that the habeas petition should be dismissed and/or that he is entitled to summary judgment.

## Applicable law

In considering Petitioner's claims, the court is cognizant that the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

In *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), the Sixth Circuit recognized that by reason of the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000), issued on April 18, 2000, the standard of review that a federal habeas court must apply under § 2254(d) had been changed and that *Nevers v. Killinger*, 169 F.2d 352 (6th Cir. 1999), had effectively been overruled. Elaborating, the court in *Harris v. Stovall, supra*, explained:

> On April 18, 2000, the Supreme Court issued a decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d). The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 1523, 120 S.Ct. 1495. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that

4

principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 1522, 120 S.Ct. 1495.

In this case, the district court referred to our holding in *Harpster*, which simply noted the differing interpretations of § 2254(d) developing in our sister circuits, but found that the standard under § 2254(d) had not been met. See *Harpster*, 128 F.3d at 326-27. Subsequently, in *Nevers v. Killinger*, 169 F.3d 352 (6th Cir.), cert. denied, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999), we found it appropriate to rely on the Fifth Circuit's "debatable among reasonable jurists" standard in *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir.1996), combined with the First Circuit's standard of "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes," set forth in *O'Brien v. Dubois*, 145 F.3d 16 (1st Cir.1998). *See Nevers*, 169 F.3d at 361-62. Later, we reaffirmed this approach in *Maurino v. Johnson*, 210 F.3d 638, 643-44 (6th Cir.2000). However, the Supreme Court in *Williams* found that the Fourth Circuit's test--that a state court's application of federal law was "unreasonable" only if the court had applied federal law in a manner that reasonable jurists would all agree was unreasonable--was erroneously subjective, as the inquiry should be objective. The Court expressly disavowed the Fifth Circuit's "reasonable jurist" standard set forth in *Drinkard*. In light of the Supreme Court's decision in *Williams*, we find that *Nevers* and *Maurino* no longer correctly state the law on the issue of the appropriate standard under 28 U.S.C. § 2254(d). We must therefore rely solely on the Supreme Court's decision in *Williams* for the appropriate standard under § 2254(d).

*Harris v. Stovall, supra*, 212 F.3d at 942-43.

With this standard in mind, it is necessary to review the decision of the Kentucky Supreme Court on direct appeal to determine if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

### Jurisdiction of the trial court

Petitioner contends that due to the trial court's failure to try him on the charges contained in the indictment within 180 days after his request made pursuant to KRS 500.010, the trial court was obligated to dismiss the charges against him, and that the trial court's denial of his motion to dismiss the charges, resulting ultimately in a conditional guilty plea, violated his equal protection rights established by the Fourteenth Amendment of the United States Constitution.

5

In appealing the denial of his motion to dismiss his matter to the Kentucky Supreme Court, petitioner raised the following issues or questions of law:

I.  Does KRS 500.110 require any prerequisite form in duly serving notice?

II.  Is the only person against whom a detainer had been lodged invoke KRS 500.100, waive said right?

III.  By operation of law KRS 500.050(1) is the Commonwealth prohibited from trying a person [outside] the 180 days contemplated by KRS 500.110?

IV.  Is prosecution barred under KRS 500.110 in conjunction with KRS 500.050(1) premised upon loss of subject matter jurisdiction?

V.  What must a trial court do, when by operation of law it no longer possesses subject matter jurisdiction?

VI.  Does the trial court's loss of jurisdiction divest appellate jurisdiction, leaving a person without an adequate remedy by appeal?

VII.  Is the Writ of Prohibition the only proper remedy in law for redress of KRS 500.110 violations?

VIII.  Pursuant to SCR 1.030(8)(a) and 1.040(5) was it error for the lower courts to deny Mr. Kremer dismissal under KRS 500.110?

A, p. 17.

In considering petitioner's claim on appeal that the trial court erred in denying his motion to dismiss and that the charges against him should have been dismissed because he was not tried on these charges pursuant to his request made pursuant to KRS 500.110, the Kentucky Supreme Court analyzed this claim, as follows:

### I. Trial court's order denying Appellant's Motion to Dismiss

>  Appellant argues that the trial court erred when it denied his *pro se* motion to dismiss. Primarily, he contend that he did meet the statutory requirements entitling him to relief pursuant to KRS § 500.110. Further, he claims that at no time did he waive his right to be tried within the statutory time limit. We disagree, and because we find that Appellant did knowingly and voluntarily waive any perceived right to be tried by September 20, 2003, we need not address the issue of whether Appellant met the statutory requirements entitling him to relief pursuant to KRS § 500.110.
>  In order to qualify for relief pursuant to KRS §500.110, certain statutory requirements must be satisfied. See KRS § 500.110; Rushin v. Commonwealth, 931 S.W.2d 456, 459-60 (Ky. App. 1996) (must present evidence that a detainer has been lodged against the prisoner in order to acquire rights pursuant to KRS § 500.110). Once those statutory requirements are met, KRS §500.110 directs that an indictment against an incarcerated person shall be tried within 180 days unless good cause can be shown as to why a reasonable delay in the action was necessary. Spivey v. Jackson, 602 S.W.2d 158, 159 (Ky. 1980).

> It is well-established that most statutory and constitutional rights are not absolute, and thus, they are subject to waiver by criminal defendants. See New York v. Hill, 528 U.S. 110, 114, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) ("the most basic rights of a criminal defendant are subject to waiver") (citations and quotations omitted); Commonwealth v. Townsend, 87 S.W.3d 12, 15 (Ky.2002); Johnson v. Commonwealth, 90 S.W.3d 39, 44-45(Ky. 2002); Humphrey v. Commonwealth, 153 S.W.3d 854, 857 (Ky. App. 2004). In this instance, the ruling in New York v. Hill, supra, is directly on point and particularly persuasive. Interpreting a nearly identical provision of the Interstate Agreement on Detainers (IAD), the United States Supreme Court permitted criminal defendants or their attorneys to waive the right to be tried within the statutory time periods contained therein. Id. at 114-115, 120 S.Ct. at 664-65. The waiver in that case was deemed sufficient where the attorney agreed (without the presence of the defendant) to accept a trial date beyond the 180 day period specified in the IAD. Id. at 113, 120 S.Ct. at 663.
> 
> The reasoning in New York v. Hill, supra, is also applicable in this case. First, we find nothing in KRS § 500.110 which is inconsistent with recognizing the general rule that criminal defendants may knowingly and voluntarily waive statutory rights. Id. at 116, 120 S.Ct. at 664-65 (noting that "waiver is not appropriate when it is inconsistent with the provision creating the right sought to be secured"); Cf. Wells v. Commonwealth, 892 S.W.2d 299, 303 (Ky. 1995) (no violation of right to speedy trial pursuant to KRS § 500.110 where defendant asked for and received a continuance beyond the 180 day time limitation). Thus, we hold that a valid waiver by a criminal defendant is sufficient to constitute good cause under KRS § 500.110 for extending the period of time in which an incarcerated person shall be tried. See Spivey, supra, at 159. Second, the circumstances indicating a knowing and voluntarily [sic] waiver of the right to be tried within the statutory time period in this case are even more compelling than they were in New York v. Hill, supra.
> 
> If we accept Appellant's argument that his March 24, 2003, *pro se* motion was competent to affirmatively invoke his right to be tried within 180 days pursuant to KRS § 500.110, then we must also assume that Appellant was aware that the time period under this statute lapsed on September 20, 2003. However, despite this knowledge, Appellant nonetheless stood next to his attorney in open court on April 23, 2003, (one month later) and requested a trial date. When the trial court offered to start trial on September 23, 2003, Appellant said nothing. He also said nothing when his attorney accepted, on his behalf, the trial court's offer to begin trial on that day. Moreover, Appellant thought not to say anything for five additional months, until the time had conveniently lapsed under the statute. We find such circumstances to be an affirmative and valid waiver by Appellant of any right to be tried by September 20, 2003.

A, pp. 4-6.

As seen from a review of the issues petitioner raised on appeal, these issues did not include a claim that he was denied due process and equal protection, in violation of the Fourteenth Amendment of the United States Constitution, by the trial court's denial of his motion to dismiss the indictment against him because the charges against him were not dismissed by reason of the court's failure to try him on these charges in compliance with his request made pursuant to KRS 500.110. For that reason, the Kentucky Supreme Court, in analyzing that appeal, did not consider whether

petitioner's rights under the Fourteenth Amendment had been violated by the trial court's denial of his motion to dismiss.

In his habeas petition, petitioner contends for the first time that he was denied due process of law, in violation of the Fourteenth Amendment, because the charges against him were not dismissed pursuant to KRS § 500.110. Consequently, due to petitioner's failure to raise this Fourteenth Amendment claim in his appeal to the Kentucky Supreme Court, the Magistrate Judge concludes that this claim has been procedurally defaulted.

### Procedural Default

A "procedural default" occurs if, in a criminal trial, the defendant fails to follow state court rules to ensure that the state courts will review a claim on appeal. When there has been a procedural default on a claim on which post-conviction relief is being sought, the court must usually dismiss the petition with respect to that claim, unless the petitioner can show "cause" for not following the procedural rule and "actual prejudice" from the alleged constitutional error. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

"Cause" in procedural default cases, as defined in Coleman v. Thompson, 111 S.Ct. 2546, 2553 (1991), must be "something external to the petitioner . . . '[a showing] that some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule.'" (emphasis in original).

"Prejudice" in the procedural default context means "actual prejudice" resulting from the errors of which the petitioner complains. United States v. Frady, 456 U.S. 152, 168 (1982). The "actual prejudice" standard is not met by a showing that the alleged trial error created the possibility of prejudice; instead, Petitioner must show that the alleged trial error "worked to his actual and substantial disadvantage, infecting the trial with error of constitutional dimensions" Id. at 170. (emphasis in original).

The analysis for determining whether a procedural default has occurred, as well as its effect on the federal court's review of the habeas petition, was set out by the Sixth Circuit Court of Appeals in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986). "First, the court must determine that there is a

state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule." Id. at 138. In this case, the exhaustion requirement is the rule. It is well settled that one may not seek federal habeas corpus relief until one has exhausted his state judicial remedies. Morris v. Wing, 421 F.2d 651 (6th Cir. 1970). In the Sixth Circuit, a habeas petitioner is usually required to present his habeas claims to the state's highest court (in this case the Kentucky Supreme Court) in order to exhaust his available state judicial remedies. Silverburg v. Evitts, 993 F.2d 124 (6th Cir. 1993); Hafley v. Sowders, 902 F.2d 485 (6th Cir. 1990). As a matter of comity, a federal court should not consider a petitioner's constitutional claim as long as the petitioner has an available state forum. Bowen v. Tennessee, 698 F.2d 241 (6th Cir. 1983); Rose v. Lundy, 455 U.S. 509 (1982).

As respondent correctly points out, in conducting habeas review, a federal court is "limited to deciding whether a conviction violated the constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62 (1991). In this vein, it is axiomatic that a habeas petitioner must "fairly present" the substance of a federal constitutional claim in state court before coming to federal court. See Banker Life and Casualty Company v. Crenshaw, 486 U.S. 71 (1988); Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). "It is not enough that all the facts necessary to support the federal claim were before the state courts...or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). When a habeas petitioner fails to fairly present the federal constitutional claim in state court, "that claim is procedurally defaulted and may not be considered by the federal court on habeas review." See Seymour v. Walker, 224 F.3d 542, 549-550 (6th Cir. 2000), citing Wainright v. Sykes, 433 U.S. 72, 97 (1977) and Picard v. Connor, 404 U.S. 270 (1971).

Petitioner failed to "fairly present" a federal constitutional claim in the present case to the Kentucky Supreme Court. Contrary to petitioner's claim in his petition for a writ of habeas corpus, petitioner did not allege a violation of any federal statute or any specific portion of the federal constitution in the Kentucky Supreme Court on direct appeal. Petitioner merely argued that he was entitled to a dismissal of the charges against him because he was not tried within 180 days pursuant

9

to KRS 500.110. A, pp. 8-30. The sole reference to the Fourteenth Amendment in petitioner's appellate brief before the Kentucky Supreme Court was in his "Statement of Case", where petitioner stated: "Mr. Kremer filed a timely notice of appeal and this matter is ripe for judicial adjudication pursuant to §§ 2, 14 and 115 of the Kentucky Constitution and the 14th Amendment, U.S. Constitution on the following questions of law." (A, p. 16). However, for the reasons stated below, the Magistrate Judge concludes that the foregoing sentence contained in petitioner's appellate brief is insufficient to "fairly present" this claim to the Kentucky Supreme Court, as seen from Duncan v. Henry, supra.

In Duncan, supra, the petitioner raised an evidentiary objection on direct appeal and argued that the error was a "miscarriage of justice" under the California Constitution. In his petition for a writ of habeas corpus, the petitioner argued that the evidentiary error amounted to a denial of due process under the United States Constitution. In finding that the petitioner had failed to "fairly present" his claim to the state court, the United States Supreme Court stated "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Id., 513 U.S. at 366. In the present action, petitioner failed to argue to the Kentucky Supreme Court that his due process and equal protection rights were violated by the trial court's denial of his motion to dismiss; therefore he failed to "fairly present" the issue to the state courts. Furthermore, petitioner's generic reference to the Fourteenth Amendment in the "Statement of Case" section of his brief was insufficient to invoke the jurisdiction of the federal courts. See Bankers Life and Casualty, 486 U.S. at 76-77; see also: Taylor v. Illinois, 484 U.S. 400, 407, n.9 (1988) (a generic reference to the Fourteenth Amendment is not sufficient to preserve a constitutional claim based on an unidentified portion of the Bill of Rights . . ."). As petitioner failed to present a federal constitutional claim in state court, he cannot do so now for the first time via a federal habeas petition.

In the present case, in order to exhaust his claim that the trial court violated his due process and equal protection rights under the Fourteenth Amendment by denying his motion to dismiss the indictment against him for failure to try him on these charges pursuant to his request made under

KRS 500.110, petitioner was required to raise that claim on appeal to the Kentucky Supreme Court. However, petitioner's appeal of the denial of this motion to dismiss to the Kentucky Supreme Court did not include this particular claim. Thus, this claim is both non-exhausted and procedurally defaulted. Consequently, for the foregoing reasons, the Magistrate Judge concludes that the federal habeas court is barred from considering petitioner's claim that the trial court's denial of his motion to dismiss violated his rights under the Fourteenth Amendment of the United States Constitution.[2]

### III. CONCLUSION

For all of the reasons stated above, based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concludes that the federal habeas court has no jurisdiction to consider petitioner's claims raised in his federal habeas petition because both of these claims have been procedurally defaulted. Therefore, petitioner is entitled to no federal habeas relief.[3]

Accordingly, **IT IS RECOMMENDED** that respondent's motion to dismiss, or in the alternative, motion for summary judgment [DE #9] be **GRANTED**, that Petitioner's habeas petition be **DENIED** and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed,

---

[2] Likewise, the federal habeas court is also without jurisdiction to consider petitioner's second claim raised herein, ("Petitioner was denied his Fourteenth Amendment right to due process and equal protection of the laws when the appellate court ruled without jurisdiction." Petition, p. 5 [DE #1]) because it, too, has been procedurally defaulted.

[3] In replying to respondent's motion to dismiss or for summary judgment, petitioner contends that said motions should be stricken because they are an improper response to his habeas petition and that respondent was obligated to respond to his petition by filing an answer thereto. Contrary to petitioner's argument, the respondent did file an answer to the petition. Both DE ##8 and 9 are captioned "ANSWER AND RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254); MOTION TO DISMISS, AND ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT".

474 U.S. 140 (1985); <u>Wright v. Holbrook</u>, 794 F.2d 1152, 1154-55 (6th Cir. 1986). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 6 and 72(b).

This __14th__ day of June, 2007.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE