UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-115-KSF

MARK ALLEN KREMER                                                                                      PETITIONER

vs.                                              **OPINION AND ORDER**

TOM SIMPSON, Warden                                                                              RESPONDENT

\* \* \* \* \* \* \* \*

Mark Allen Kremer, *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on April 14, 2006, challenging his Fayette Circuit Court convictions for two counts of first-degree robbery, four counts of second-degree robbery and being a first-degree persistent felony offender. Petitioner conditionally pled guilty to these charges, reserving his right to challenge the trial court's denial of his motion to dismiss under KRS § 500.110 for failure to bring him to trial within 180 days. The trial court denied the motion to dismiss and the Kentucky Supreme Court affirmed Kremer's convictions on the ground that he waived his right under KRS § 500.110 to trial within 180 days. In his habeas corpus petition, Kremer claims for the first time that he was denied his Fourteenth Amendment rights to due process and equal protection of the law because the trial court and the appellate court were without jurisdiction after the 180 days passed. Consistent with local practice, this matter was referred to the Hon. James B. Todd, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

The Magistrate Judge filed his proposed findings of fact and recommendation on June 14, 2007 [DE #12] concluding that the petition should be denied because Kremer procedurally defaulted on his new federal claims by failing to present them to the state court. Accordingly, he concluded that the federal habeas court is barred from considering Kremer's federal constitutional claims.

Kremer objected to the proposed findings and recommendation on the ground that his federal claims were "fairly presented" to the Kentucky Supreme Court by his reference in his appeal brief's Statement of the Case to the Fourteenth Amendment and his citation in his argument to two federal cases and one state case. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C).

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts in the record found by the Kentucky Supreme Court were that Kremer was arrested for the underlying crimes on January 8, 2003. Thereafter, his parole on unrelated crimes was revoked and he was incarcerated pursuant to a prior judgment. On March 24, 2003, Kremer filed a pro se motion from prison invoking his rights under KRS § 500.110 and related Kentucky statutes. He appeared in court with counsel April 4, 2003, and counsel noted the pro se motion. He was told by the court that all pleadings should be filed through counsel. On April 25, 2003, Kremer again appeared with counsel and advised the court he decided against proceeding pro se. He sought to engage counsel in a discussion of the pro se motion, but was told they should discuss it later and, if he still wished to proceed with the motion, counsel would file it for him. Counsel then requested a trial date and agreed that the dates of September 23-24, 2003, were acceptable. Kremer made no objection to these dates, but on September 22, 2003, he filed a pro se motion to dismiss for failure to bring him to trial by September 20, which he argued was the expiration date under KRS § 500.110. Respondent's Appendix, "A," pp. 1-6.

Both parties agreed to a continuance to allow briefing on the motion to dismiss. On November 7, 2003, the trial court denied the motion on the ground that Kremer did not satisfy the statutory requirements and, further, that he waived his right under the statute because he and his counsel accepted, without objection, the offer of trial beginning on September 23, 2003. On December 12, 2003, Kremer asked the Kentucky Court of Appeals for a writ of prohibition to

preclude further trial court proceedings, which was denied. Thereafter, Kremer entered a conditional plea to the charges and appealed the denial of the motion to dismiss and the denial of the writ of prohibition to the Kentucky Supreme Court. The issues raised on appeal were purely issues of state law involving interpretation of KRS § 500.110 and arguments that the statute deprived Kentucky's courts of jurisdiction after 180 days. A, p. 17. The Kentucky Supreme Court assumed that Kremer's pro se motion was sufficient to invoke his right to be tried within 180 days and affirmed the trial court's decision that Kremer waived his right to trial by September 20. The court held that the factual circumstances of the waiver in this case were even more compelling than the valid waiver of a nearly identical provision of the Interstate Agreement on Detainers in *New York v. Hill*, 528 U.S. 110, 114 (2000). A, pp. 4-6.

## II.     ANALYSIS

The crux of Kremer's argument in his petition and in his objections is that a court proceeding without jurisdiction automatically denies due process; thus, the charges against him should have been dismissed. That argument is based upon a fatally flawed premise, however. Kremer assumes that KRS § 500.110 automatically deprives a court of jurisdiction once the right to speedy trial is invoked and 180 days pass. There is no authority to support this premise. Kremer merely assumes it is true. To the contrary, in *Spivey v. Jackson*, 602 S.W.2d 158 (Ky. 1980), the Supreme Court directed the Court of Appeals to issue a writ of prohibition directing the court to rule on a motion to dismiss indictment which was filed 245 days after the request for a speedy trial. If Kremer's premise were true, the trial court would not have had jurisdiction to consider Spivey's motion to dismiss at the time it was filed or on remand. Likewise, Kremer believed the trial court still had jurisdiction to consider his motion to dismiss, even though it was filed after 180 days passed. Accordingly, Kremer's claim is totally lacking any legal foundation.

This Court further agrees with the Magistrate Judge that Kremer procedurally defaulted by not fairly presenting his due process and equal protection claims in state court.

3

> A petitioner must fairly present to the state courts either the substance of or the substantial equivalent of the federal claim that he is presenting to a federal habeas court. A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both the factual and legal basis for his claim."

*Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). "[T]he exhaustion doctrine requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Id.* at 552-553 (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). In determining whether the claim was fairly presented, the court considers whether:

> 1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; 2) the petitioner relied upon federal cases employing the constitutional analysis in question; 3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or 4) the petitioner alleged "facts well within the mainstream of [the pertinent] constitutional law."

*Id.* at 553 (quoting *McMeans*, 228 F.3d at 681).

Kremer relies on *Baldwin v. Reese*, 541 U.S. 27 (2004), but seriously misquotes the holding of that court.[1] Objections, DE #13, p. 4. *Baldwin* does not support petitioner's claim. The *Baldwin* court held there was no fair presentation to the state court when a petitioner argued that his trial counsel's conduct violated several provisions of the federal constitution but did not say that his separate claim of ineffective assistance of appellate counsel violated federal law. *Id.* at 29–30. By not alerting the state court to the federal nature of his claim, Reese failed to meet the "fair presentation" standard.

Kremer, likewise, failed to apprise the state court of the federal nature of his claim. His passing reference to the Fourteenth Amendment in his appeal brief's Statement of the Case was not sufficient to apprise the court of a due process or equal protection claim. "A generic reference

---

[1] The holding of *Baldwin* actually is: "We consequently hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. 27, 32 (2004).

4

to the Fourteenth Amendment is not sufficient to preserve a constitutional claim based on an unidentified provision of the Bill of Rights." *Taylor v. Illinois*, 484 U.S. 400, 407, n. 9 (1988).

In conjunction with his specific claims in the Kentucky Supreme Court, Kremer never cited a federal source of law on which he relied or a case deciding the same type of claim on federal grounds. In his objections, Kremer argues that his Kentucky Supreme Court brief relied on two cases employing constitutional analysis, *Firestone Tire & Ruber Co. v. Risjord*, 449 U.S. 368, 379 (1981) and *United States v. Cotton*, 122 S.Ct. 1781, 1785 (2002), which he claims should have apprised the state court of his federal claims. DE #13, pp. 7-8. Neither case uses the term "due process" or "equal protection" or decides any claim on those grounds, however. *Firestone* involved an appeal from an interlocutory order denying a motion to disqualify counsel and is cited for its proposition that "a jurisdictional ruling may never be made prospective only." *Firestone*, 449 U. S. at 379. A., p. 14. *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785 (2002) is cited for the proposition that jurisdiction cannot be conferred by consent. A., p. 11. Nothing in those cases would apprise the state court that Kremer was making a federal due process or equal protection claim. Moreover, presentation of the same factual claim under a different legal theory is not sufficient to exhaust state court remedies. *Hicks*, 377 F.3d at 552-553.

Kremer also argues that he cited *Spivey v. Jackson*, 602 S.W.2d 158 (Ky. 1980), and that case employed constitutional analysis in like fact situations. DE #13, p. 8. It is true that *Spivey* was cited, but it is not true that it involved a federal constitutional analysis. *Spivey* involved purely state law analysis pursuant to KRS § 500.110.

Petitioner does not argue any "cause" external to the defense caused his procedural default. Moreover, he is not able to show actual prejudice. If Kremer had objected to the trial date or to counsel's waiver of his right to a speedy trial at the time the trial date was set, the state court would have set an earlier date, which would have obviated his complaint. *See Wells v. Withrow*, 195 Fed. Appx. 425, 429 (6th Cir. 2006).

5

The Court, having examined the record and having made a *de novo* determination of the findings to which objection was made, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

In determining whether a certificate of appealability should issue as to the Petitioner's claim, the court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000) for guidance.  In that case, the court held:

> Where a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* at 484.  In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable."  Therefore, a certificate of appealability will not issue.

### III.  CONCLUSION

The Court, being otherwise fully and sufficiently advised, HEREBY ORDERS  that:

(1) The Magistrate Judge's proposed findings of fact and recommendation [DE #12] are ADOPTED by this Court;

(2) The Respondent's Motion for Summary Judgment [DE #9] is GRANTED;

(3) The Petitioner's objections [DE #13] are OVERRULED;

(4) Petitioner's petition for a writ of habeas corpus [DE #1] is DISMISSED WITH PREJUDICE;

(5) A certificate of appealability SHALL NOT issue;

(6) Pursuant to 28 U.S.C. § 1915, petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith; and

(7) Judgment will be entered contemporaneously with this order.

This July 12, 2007.



**Signed By:**

**<u>Karl S. Forester</u>** *KSF*

**United States Senior Judge**